# EXHIBIT A

Case 4:16-cv-01145 Document 1-1 Filed in TXSD on 04/27/16 Page 2 of 17

4/25/2016 9:58:17 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10274237
By: Krystal Franklin
Filed: 4/25/2016 9:58:17 AM

CAUSE NO. _____

| | | |
|---|---|---|
| INEOS TECHNOLOGIES USA LLC, <br> *Plaintiff*, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| BASF CORPORATION <br> *Defendant*. | § <br> § <br> § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' VERIFIED ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, MOTION FOR EXPEDITED DISCOVERY, AND APPLICATION FOR TEMPORARY INJUNCTION

Plaintiff INEOS Technologies USA LLC ("INEOS") files its Verified Original Petition Motion for Expedited Discovery, and Application for Injunctive Relief against Defendant BASF Corporation ("BASF"). In support, INEOS respectfully shows the Court the following:

## I.
## INTRODUCTION

1. This suit arises from a Supply Agreement containing a Right of First Refusal ("ROFR"). In the Supply Agreement, BASF promised to provide INEOS with the opportunity to purchase BASF's Pasadena, Texas catalyst assets in the event BASF were to consider selling the assets to a third party and INEOS would have a ninety day period in which to confirm if it wished to acquire the assets. BASF

1

purported to notify INEOS of its intent to sell the catalyst assets as part of a larger group of assets to W.R. Grace & Co. ("Grace"), with an intended deadline of April 18, 2016. While INEOS disputes that BASF's initial notice of January 19, 2016 complied with the requirements of the Supply Agreement, ultimately INEOS exercised its ROFR on April 18, 2016.

2. On April 21, 2016 BASF rejected INEOS's exercise of its ROFR rights arguing that INEOS should have agreed to an artificially high price purportedly established by Grace as part of a wider deal. On April 22, 2016 BASF announced that it had signed an agreement to sell its global polyolefin catalysts business, including its catalyst production plants in Pasadena, Texas, to Grace and that it intended to complete the transaction in the third quarter of 2016. BASF thus intends to ignore INEOS' exercise of the ROFR and sell its catalyst assets in Pasadena to Grace. This is a material breach of the Supply Agreement. INEOS seeks an order that BASF sell the catalyst assets to INEOS in accordance with the Supply Agreement and a temporary and permanent injunction to protect its valuable rights pending such sale.

## II.
## DISCOVERY CONTROL PLAN

3. Pursuant to Texas Rule of Civil Procedure 190.4, INEOS respectfully requests that discovery be conducted under a Level 3 Discovery Control Plan.

## III.
## SPECIFIC STATEMENT OF RELIEF

4. INEOS currently seeks no monetary relief, other than recovery of its attorneys' fees. The remaining relief sought by INEOS is declaratory and injunctive relief, but INEOS reserves its right to amend this petition to seek monetary damages at a later date.

## IV.
## PARTIES

5. Plaintiff INEOS is a corporation formed in the State of Delaware, with its principal place of business located in Illinois. INEOS is registered with the Texas Secretary of State and is authorized to do business in Texas.

6. Defendant BASF is a foreign corporation organized and existing under the laws of Delaware, whose principal office is located at 100 Campus Drive, Florham Park, New Jersey, 07932. BASF is authorized to do business in Texas and may be served with process through its registered agent at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## V.
## VENUE

7. Venue is proper in Harris County under Texas Civil Practice & Remedies Code § 15.002(a) because it is the county in which all or a substantial part of the events or omissions giving rise to INEOS' claims arose.

## VI.
## FACTUAL BACKGROUND

**A.  THE PARTIES AND THEIR RESPECTIVE BUSINESSES**

8. The "INEOS Technologies" business, of which INEOS is part, licenses world class petrochemical technologies for polymers and key petrochemical building blocks, and also supplies catalysts, additives and coatings to its consumers. Over the past few years, it has been the number one non-captive technology licensor for its Polyethylene, Polypropylene, Polystyrene, and Vinyls businesses.

9. BASF owns the Pasadena Catalysts site in Harris County, Texas, which manufactures and distributes polyolefin catalysts for the chemical industry. The products made at this site are used primarily in the production of plastics. Specifically, these catalysts are used to make polyethylene and polypropylene. Polypropylene is the primary material in most plastic food containers and is used in carpeting and many other textile products. Polyethylene is used to make a wide array of products, including plastic milk bottles, detergent bottles, plastic bags, and toys.

**B.  THE SUPPLY AGREEMENT AND RIGHT OF FIRST REFUSAL**

10. BASF Catalyst LLC (now, BASF Corporation) and INEOS Technologies, a Division of INEOS USA, LLC (now a separate legal entity, INEOS Technologies USA LLC) entered into a Supply Agreement dated February 1, 2009

and amended May 4, 2011 (the "Supply Agreement") in which INEOS agreed to purchase and BASF agreed to supply the Catalyst Products.

11.     The ROFR in the Supply Agreement originated from an original catalyst supply agreement entered into between Amoco Chemical Company ("Amoco," being INEOS's predecessor) and Catalyst Resources Inc. ("CRI," being BASF's predecessor) in 1992. In the original contract, CRI agreed to build a catalyst plant exclusively for the manufacture of Amoco's proprietary catalyst and Amoco purchased the catalyst from CRI at a price that permitted CRI to recover its investment, plus a return, within 10 years of the plant start-up in 1994. The 1992 agreement included a ROFR that recognized Amoco's investment in, and dependence upon, the catalyst plant and provided Amoco with the option to buy either CRI or the catalyst plant in the event that CRI proposed to dispose of any part of CRI or the catalyst plant.

12.     In 2006 BASF purchased the catalyst plant and a dispute arose between INEOS and BASF in relation to INEOS's ROFR rights. The terms of the Supply Agreement entered into in 2009 formed part of a settlement of that dispute and included a right for INEOS to purchase the catalyst plant should the plant be sold. This new Supply Agreement again recognized the criticality of INEOS's continued access to the product from the catalyst plant. INEOS is dependent upon this catalyst plant, which was specifically built to satisfy the exacting production requirements

of this unique catalyst, to fulfill INEOS's long term contractual obligations to supply this catalyst to worldwide licensees of INEOS's proprietary technology for the manufacture of polypropylene plastics.

13. As a part of this Supply Agreement, INEOS negotiated a valuable ROFR in Article 4.5 that applies "where the Catalyst Production Assets are sold or transferred alone; in other words, they constitute 100% of the assets being sold or transferred"; or "where the Catalyst Production Assets constitute part of the value of the assets to be sold or transferred as a component of the sale or transfer of BASF's Polyolefins Catalyst business or as a component of the sale or transfer of BASF Corporation..." In the event of a proposed sale or transfer to a third party of the Catalyst Production Assets (the "Assets"), BASF must deliver written notice (the "Notice") to INEOS that meets specific requirements under the Supply Agreement. *Id.*

14. Pursuant to the agreement between BASF and INEOS, the Notice must state:

> i. "BASF's bona fide intention to sell or otherwise transfer the Catalyst Production Assets in accordance with such offer;
>
> ii. the name of each proposed purchaser or other transferee ("Proposed Transferee"); and
>
> iii. the bona fide cash price or other consideration for which BASF proposes to transfer the Catalyst Production Assets (the "Offered Price") and any applicable material terms and conditions. BASF shall offer the Assets to INEOS or its assignee(s) at the Offered Price andon

the stated terms and conditions. In the absence of an Offered Price for the Assets alone, the price for the Assets shall be calculated as shown in Schedule D." *Id.*

15. Once INEOS receives the proper Notice, INEOS has ninety days in which it may elect to purchase the Assets proposed to be transferred to a Proposed Transferee at the Offered Price (or at the price calculated as shown in Schedule D) and on the stated terms and conditions.

### C. BASF LETTERS

16. On January 19, 2016, BASF sent INEOS a letter (the "January 19 Letter"). BASF alleged that "This letter shall serve as Notice in accordance with the terms of Section 4.5 of the Supply Agreement." In the letter, BASF stated:

- BASF had received a "nonbinding Indication of Interest" from W.R. Grace & Co. to "purchase BASF's Polyolefin Catalyst business . . . "subject to the completion of due diligence and the negotiation of definitive written agreements."

- "The offer from Grace includes a **valuation** of the Catalyst Production Assets at ⬛⬛⬛ (the "Offered Price")" (emphasis added).

- "BASF hereby affirms that BASF has a bona fide intention to sell the Catalyst Production Assets in accordance with such Offered Price, provided that definitive written agreements are entered into between Grace and BASF."

17. In a further letter on February 11, 2016 BASF stated "To be clear, it is anticipated that the Catalyst Production Assets will be transferred along with BASF's Polyolefin Catalyst Business; therefore, there are no material terms and

7

conditions applicable to the proposed sale of the Catalyst Production Assets that are distinct from the contemplated transaction as a whole."

### D. INEOS EXERCISES THE ROFR.

18. It is clear that BASF has not received from Grace, and BASF has not delivered to INEOS, an Offered Price for the Assets alone. Article 4.5(a) of the Agreement says that, "in the absence of an Offered Price for the Catalyst Production Assets alone," INEOS shall have a right of first refusal to purchase the Catalyst Production Assets at the price "calculated as shown in Schedule D."

19. INEOS disputes that Grace's "valuation of the Catalyst Production Assets at ▬▬▬▬ represents a bona fide cash price for the Assets alone. Accordingly there has been no "Offered Price." Furthermore, the Agreement provides that the Assets are sold or transferred "alone" when they constitute 100% of the assets being sold or transferred, which is not the case with BASF's intended sale to Grace.

20. Therefore INEOS has the right to acquire the Assets at a price calculated as shown in Schedule D of the Supply Agreement.

21. Prior to exercise of the ROFR by INEOS, BASF repeatedly refused INEOS's requests for clarifications concerning the information necessary to accurately determine the price according to Schedule D.

22. In a letter on March 22, 2016 BASF stated "To be clear, if Ineos does not exercise its Right of First Refusal on or before April 18, 2016, BASF will move forward with the contemplated asset sale. BASF and Grace are working toward signing a definitive agreement in mid-April, and it is our intention to ensure that the asset transfer is accomplished in an orderly manner".

23. On April 18, 2016, INEOS exercised its ROFR to purchase the Catalyst Production Assets at the price "calculated as shown in Schedule D." In accordance with Schedule D of the Supply Agreement, the exercise letter estimates that price to be approximately ~~————————~~ Since exercise of the ROFR, BASF has continued to refuse to provide to INEOS sufficient financial information to determine the Schedule D price with certainty.

24. In a letter dated April 21, 2016, BASF has announced it believes INEOS' ROFR expired because INEOS did not offer to purchase the Assets at the valuation chosen by Grace. On April 22, 2016, BASF issued a press release announcing that it had signed an agreement to sell its global polyolefin catalysts business, including its catalyst production plants in Pasadena, Texas, to Grace and that it intended to complete the transaction in the third quarter of 2016. BASF thus intends to ignore INEOS' exercise of the ROFR and sell the Assets to Grace anyway. This is a material breach of the Supply Agreement.

## VII.
## CAUSES OF ACTION

### COUNT ONE – SUIT FOR ANTICIPATORY BREACH OF CONTRACT

25. INEOS realleges and incorporates in this Count One all of the preceding paragraphs.

26. INEOS entered into a valid and enforceable contract with BASF.

27. The Right of First Refusal under Article 4.5 of the Supply Agreement constituted a significant portion of the consideration for INEOS to enter into the Supply Agreement.

28. INEOS has fully performed under the Supply Agreement.

29. Under the terms of the Supply Agreement, BASF is required to provide Notice to INEOS which meets the requirements of Article 4.5 in the event of a proposed sale or transfer of the Assets to a third party.

30. INEOS has exercised its ROFR in accordance with Article 4.5 by choosing to purchase the Assets in accordance with the Supply Agreement. BASF has repudiated the Supply Agreement by refusing to sell the Assets in accordance with the ROFR.

31. Therefore, INEOS requests that this Court grant the remedy of specific performance by ordering BASF to sell the Assets to INEOS in accordance with Article 4.5 of the Supply Agreement, at the price set out in Schedule D.

## COUNT TWO – SUIT FOR DECLARATORY RELIEF

32. INEOS realleges and incorporates in this Count Two all of the preceding paragraphs.

33. An actual and justiciable controversy exists between INEOS and BASF regarding the parties' rights under the Supply Agreement. Even though the Supply Agreement expressly provides for a specified price in the event there is no Offered Price for the Assets "alone," that being the price set by a formula in Schedule D, BASF disputes the plain language of the Supply Agreement.

34. Therefore, INEOS requests that:

   i. the Court declare the parties' rights under the Supply Agreement; and;

   ii. the Court declare that INEOS has properly exercised its ROFR at the Schedule D price for the Catalyst Production Assets.

## VIII.
## MOTION FOR EXPEDITED DISCOVERY

35. If BASF insists that it has a right to sell the Assets to Grace as from April 19, 2016, it would be too late to wait for normal service of process and the standard period for document requests. Without this Court's order requiring BASF to provide information relevant to the transaction with Grace on an expedited basis, INEOS will be deprived of its ability to present its proof at an injunction hearing. Therefore, INEOS asks the Court to order BASF to produce within 10 days documents relating to the following items:

> i. the specific terms and conditions of the full transaction between BASF and Grace;
>
> ii. the status and expected timing of the transaction between BASF and Grace;
>
> iii. communications between BASF and Grace regarding the ROFR contained in the Supply Agreement and/or the purchase of the Assets. Such communications shall be deemed to include those held in electronic or hard copy form, in all relevant locations and in all forms of media, including but not limited to PDF documents, Word documents, emails, PowerPoint presentations, telephone and voicemail records, letters, written notes and SMS and MMS messages, including in each case those held in any relevant employee's and employer's systems (including PCs and portable and/or hand held devices which have been provided to such employees for the performance of their role) and in such employee's own personal systems, including in each case in any back-up format; and
>
> iv. information necessary to calculate the price as detailed in Schedule D of the Supply Agreement, including sufficient financial information about the Assets to ascertain their EBITDA for the past three years (as required by Schedule D).

## IX.
## APPLICATION FOR INJUNCTIVE RELIEF

36. Based on the facts set forth above and under Chapter 65 of the Texas Civil Practice & Remedies Code, Rules 680 through 693 of the Texas Rules of Civil Procedure, and applicable principles of equity, INEOS makes the following application for preliminary and permanent injunctive relief:

### A.  RIGHT TO INJUNCTIVE RELIEF

37. INEOS realleges and incorporates all of the preceding paragraphs.

38. BASF continues to disregard its obligations under Article 4.5 of the Supply Agreement and has therefore put INEOS at risk. An injunction is necessary for the protection of INEOS and its contractual rights under the Supply Agreement.

39. In light of the facts alleged above, INEOS is likely to prevail on the merits of its claims against BASF for anticipatory breach of contract and declaratory relief. Specifically, BASF continues to improperly assert that it refuses to recognize INEOS' exercise of the ROFR at the Schedule D price. BASF has begun a course of conduct to transfer the Assets to Grace without allowing INEOS to properly exercise its contractual ROFR. Accordingly, BASF is liable for anticipatory breach of the Supply Agreement and INEOS is entitled to declaratory relief regarding its rights under Article 4.5.

40. BASF has publically announced that it intends to transfer the Assets to Grace without complying with Article 4.5 of the Supply Agreement. Unless a

preliminary and permanent injunction, as prayed for below, is granted, INEOS will suffer imminent and irreparable injury. INEOS will be unable to recover the Assets from Grace once they have been transferred. Given the unique character of the Assets and the fact that the Assets may be unrecoverable if transferred to Grace, without injunctive relief there is no adequate remedy available at law.

### B.   INJUNCTIVE RELIEF REQUESTED

41.   Under Section 65.011 of the Texas Civil Practice and Remedies Code and general principles of equity, INEOS requests that a preliminary and permanent injunction be issued restraining BASF from selling or transferring the Assets, either alone or as constituting a part of the value of the assets being sold or transferred as a component of the sale or transfer of BASF's Polyolefins Catalyst business or as a component of the sale or transfer of BASF Corporation (whether such assets are assets based at the Pasadena site or elsewhere). Such injunction shall be in place until a final hearing can determine the rights of the parties.

## X.
## ATTORNEY'S FEES

42.   INEOS is entitled to recover reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice & Remedies Code sections 37.009 and 38.001.

## XI.
## CONDITIONS PRECEDENT

43. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XII.
## JURY DEMAND

44. INEOS demands a jury trial.

## XIII.
## REQUEST FOR DISCLOSURE

45. Under Texas Rule of Civil Procedure 194, INEOS requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIV.
## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff INEOS respectfully requests that INEOS be awarded a judgment against BASF for the following:

    a.    Specific Performance;
    b.    Declaratory relief;
    c.    A preliminary and permanent injunction;
    d.    All applicable attorney's fees and costs;

e.  Pre- and post-judgment interest as provided by law; and,

f.  All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

FOGLER, BRAR, FORD, O'NEIL & GRAY LLP

_____
Murray Fogler
State Bar No. 07207300
Robert H. Ford
State Bar No. 24074219
Pennzoil Place, South Tower
711 Louisiana St, Suite 500
Houston, Texas 77002
Telephone: (713) 481-1010
Facsimile: (713) 574-3224
ATTORNEYS FOR PLAINTIFF
INEOS TECHNOLOGIES USA LLC